Grover, J.
The Code, section 248, in effect, provides, that the objections to the jurisdiction of the court, and that the complaint does not state facts sufficient to constitute a cause of action, are not waived by a failure to interpose them by demurrer or answer. The latter objection, therefore, was properly raised by the respondents upon the trial. In an action to recover damages claimed to have been sustained by the fraudulent representations of the defendants the complaint must set out the representations relied upon. (Gray v. Palmer, 2 Robt., 500.) This case was affirmed by this court, as appears from the index in 41 New York, 620, where it is erroneously said to have been reported in 2 Barbour. The court having dismissed the complaint upon the ground that it.did not contain facts sufficient to constitute a cause of action, the only question is whether it did contain such facts. The complaint is very brief, and in substance avers that the "defendants fraudulently stated to the plaintiff that the stock of the Congress and Empire Spring Company was worth at least eighty per cent upon the par value thereof; which statement the plaintiff believed to be true, and relying thereupon, purchased from the defendants $25,000 of said stock, and paid therefor $20,000 in cash; whereas the stock was not then, in fact, worth over forty per cent; which fact was then well known to the defendants; whereby the plaintiff sustained damage, etc. The assertion by the defendants that the stock was worth eighty per cent of its par value cannot, I think, be regarded as the expression of an opinion as to its value, for the reason that it is averred that it was fraudulently made, and that they then knew that it was not worth more than forty per cent. " I think it must be regarded as a false statement of the value, made for the purpose of obtaining a higher price for the stock than they knew it was worth. The question then is, whether such a statement so *86 made by the "vendor of property, while negotiating the sale, gives the purchaser who has contracted, relying thereon, a cause of action for the deceit. This precise question arose in Harvey v. Young (Yelverton’s Reports, 21), in the time of Queen Elizabeth. In that case the plaintiff alleged that the defendant assured him that a certain term of years which he proposed to sell to him was worth £150, when in fact it was worth but £100; and after verdict for the plaintiff in an action for the deceit, the judgment was arrested upon the ground that it was the plaintiff’s folly to give credit to such assertion. This case was recognized as sound law in Ekins v. Tresham (1 Levinz, 102); although it was held in the latter case that an action would lie for a fraudulent representation by the vendor that the premises were leased at a greater than the actual rent. The distinction is obvious. Upon the question of value the purchaser must rely upon his own judgment ; and it is his folly to rely upon the representation of the vendor in that respect but in regarded any extrinsic fact affecting the quality or value of the subject of the contract, he may rely upon the assurances of the vendor, and if he does so rely and the assurances are fraudulently made to induce him to make the contract, he may have an action for the injury sustained. The doctrine thus settled has rarely since been questioned; which accounts for the very few cases found in the books discussing the point. In Van Epps v. Harrison (5 Hill, 63), it is stated as undoubted law that an action will not lie by a purchaser against a vendor upon false and fraudulent statements of the value of. the property sold, made while negotiating the sale. This was concurred in by the entire court. Bronson, J., was of opinion that the action would not lie upon a false and fraudulent statement so made, as to the price which the vendor had paid for the property, but the majority of the court held that an action would lie for the latter. The cases bearing upon the question were cited and commented upon by Bronson, J., and a repetition is unnecessary. Had the complaint stated that defendants, upon the sale, made false and fraudulent statements to the *87 plaintiff in relation to the property owned by the corporation, its business, pecuniary condition, the price at which its stock was selling in the market, or any other fact affecting its value, with intent to deceive and defraud her, that she in reliance thereon had made the purchase and been thereby injured, it would have shown a good cause of action. (Hubbell v. Meigs, 50 N. Y., 480.) As to such matters a ) purchaser has a right to rely upon the statements of the vendor but not upon his mere statements of the value. As to the latter he must rely upon his own judgment, and if not sufficiently informed must seek further information.
The complaint in this ease fails to show a cause of action, and was therefore rightly dismissed. The judgment must be affirmed, with costs.
Rapallo, Johnson and Folger, JJ., concur; Church, Ch. J., and Andrews, J., dissent; Allen, J., absent.